**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jamir Johnson, Kevin Nails, Jelisa Nails, Andre Watkins, Steven Dykes, and Randy Miller, | ) ) ) |
| Plaintiffs, | ) Case No. 20 CV 2736 ) ) |
| v. | ) ) ) Jury Trial Demanded |
| City of Evanston and Police Chief Demitrous Cook, | ) ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT AT LAW**

Plaintiffs Jamir Johnson, Kevin Nails, Jelisa Nails, Andre Watkins, Steve Dykes, and Randy Miller, through their attorneys Hale & Monico, complains of Defendants City of Evanston and Police Chief Demitrous Cook and states as follows:

**Parties**

1. Plaintiff Jamir Johnson was, during the relevant time, a resident of Cook County, Illinois.

2. Plaintiff Kevin Nails was, during the relevant time, a resident of Cook County, Illinois.

3. Plaintiff Jelisa Nails was, during the relevant time, a resident of Cook County, Illinois.

4. Plaintiff Andre Watkins was, during the relevant time, a resident of Cook County, Illinois.

5. Plaintiff Steve Dykes was, during the relevant time, a resident of Cook County, Illinois.

**6.** Plaintiff Randy Miller was, during the relevant time, a resident of Cook County, Illinois.

**7.** Defendant Demitrous Cook was, during the relevant time, the chief of police for the Evanston Police Department and acted within the scope of his employment and under color of law.

**8.** Defendant City of Evanston is a municipal corporation organized and doing business under the laws of the State of Illinois. During the relevant time, Defendant City of Evanston employed Defendant Cook as the chief of police for the Evanston Police Department. Defendant City of Evanston is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

## Jurisdiction and Venue

**9.** This action arises under the Constitutional of the United States, under the laws of the United States, and under the laws of the State of Illinois.

**10.** The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

**11.** Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(2) as the events complained of occurred within this district.

## Facts

**12.** On or about February 17, 2020, Defendant Cook used his cell phone to take pictures of booking photos of individuals, including photographs of Plaintiffs.

**13.** Along with the individual's photographs, Defendant Cook's picture captured the individual's name, date of birth, home address, and any nicknames. In addition, many of

the individuals had "In custody" above their photograph. Some also had "DOA" (dead on arrival) handwritten next to the photograph; these individuals are deceased.

14. Defendant Cook took his pictures using his cell phone's SNAPCHAT application.

15. SNAPCHAT is a mobile social media application that uses a camera to take pictures. The user then selects to whom the picture should be shared, along with the length of time the post will be available.

16. Upon using his SNAPCHAT application to take pictures of the individual's photographs and personal information, Defendant Cook then shared the pictures on his SNAPCHAT account.

17. The pictures of the individuals and their personal information were then posted publicly and were viewed by numerous individuals in the community. These pictures – including the individual's date of birth and home address – were then copied and shared by an unknown amount of others in the community.

18. Defendant Cook was informed that the pictures were being shared by members of the public and took the pictures down from his social media profile.

19. On February 21, 2020 – approximately four days after he had publicly shared personal information for 30 individuals, including Plaintiffs – Defendant Cook made a public statement about the incident. Defendant Cook stated the individuals whose information he posted were "subjects previously identified in Evanston Police Department investigations" and that the "photos were taken to assist me with an investigation[.]" Defendant Cook further stated that did not realize that SNAPCHAT pictures "could be made public with the click of a button" notwithstanding the sharing of pictures with the click of a button being the purpose of the SNAPCHAT application.

Defendant Cook then said he had reached out to members of the community who were upset.

20. Indeed, the City of Evanston Police Department has policies that prohibit, among other activities, the following things:

   a. Making personal copies of recordings created while on duty or while acting in their official capacity;
   b. Retaining recordings of activities or information obtained while on-duty, whether the recording was created with department-issued or personally owned recording devices;
   c. Duplicating or distributing such recordings;
   d. Using such recordings for the purpose of embarrassment, intimidation, or ridicule;
   e. Sharing of any law enforcement information via social media; and
   f. Releasing protected information.

21. Several of the individuals who had their personal information publicly disclosed by Defendant Cook are reputed members of street gangs. The public sharing of Plaintiffs' home addresses puts Plaintiffs and their family at risk of physical harm from others who, due to Defendant Cook's actions, now have Plaintiff's home address.

22. During the relevant time, Defendant Cook owed Plaintiffs and the other individuals who had their personal information publicly disseminated a duty of reasonable case. Defendant Cook also had a duty to refrain from willful and wanton conduct.

23. In order to publicly share a picture taken with the SNAPCHAT application, the user must first click the "STORY" option and the confirm to have the picture posted. As such, the posting of the pictures on his SNAPCHAT Story by Defendant Cook was done intentionally or with a reckless disregard for the health and safety of each individual who had their picture posted, including Plaintiff.

24. As a direct result of Defendant Cook's sharing of his information and the subsequent press conference, Plaintiff Jamir Johnson lost his employment and has been

unable to secure employment subsequent. Plaintiff Jamir Johnson also had his property damaged following the public release of his information.

25. As a direct result of Defendant Cook's sharing of her information and the subsequent press conference, Plaintiff Jelisa Nails lost her employment and has received threatening text messages, which include her home address.

26. As a direct result of Defendant Cook's sharing of his information and the subsequent press conference, Plaintiff Kevin Nails has been threatened with the message including the address posted by Defendant Cook.

27. As a direct result of Defendant Cook's sharing of his information and the subsequent press conference, Plaintiff Steve Dykes lost a job opportunity.

28. As a direct result of Defendant Cook's sharing of his information and the subsequent press conference, Plaintiff Andre Watkins has lost employment. Plaintiff Watkins was also shot by individuals who followed him from his home address and shot Plaintiff Watkins outside of another location.

29. As a direct result of Defendant Cook's sharing of his information and the subsequent press conference, Plaintiff Randy Miller has had his property damaged.

**Claims**
**Count I**
**42 U.S.C. § 1983 – Fourteenth Amendment Violation**[1]

30. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

31. On or about February 17, 2020, Defendant Cook posted the home address of Plaintiffs and other individuals. By sharing Plaintiffs' home address and other personal

---

[1] Plaintiffs Jamir Johnson, Jelisa Nails, Kevin Nails, Randy Miller, and Andre Watkins replead this Count to allege injuries suffered as a result of Defendant Cook's conduct.

information, Defendant Cook either intentionally, with deliberate indifference, or with reckless disregard created or substantially contributed to placing Plaintiffs in a position of danger that Plaintiff would otherwise not have faced. Indeed, by revealing Plaintiffs' home address and date of birth, Defendant Cook placed Plaintiffs in actual danger of having reputed members of street gangs know said personal and private information.

32. Plaintiffs Jamir Johnson and Randy Miller have had their property damaged by bullets as a direct result of their home addresses being released by Defendant Cook and by having that public sharing subsequently promoted by Defendant Cook during the press conference.

33. Plaintiffs Jelisa Nails and Kevin Nails have received threatening messages, which include the address shared by Defendant Cook.

34. Plaintiff Andre Watkins has been shot by individuals who followed him from his home address, which was publicly shared by Defendant Cook.

35. The injuries suffered by Plaintiffs Jamir Johnson, Randy Miller, Jelisa Nails, Kevin Nails, and Andre Watkins were proximately caused by Defendant Cook's public sharing of Plaintiffs' home addresses.

WHEREFORE, Plaintiffs Jamir Johnson, Randy Miller, Jelisa Nails, Kevin Nails, and Andre Watkins pray for a judgment in their favor and against Defendant Cook on this count and requests an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief that is just.

## Count II
## 42 U.S.C. § 1983 – Fourteenth Amendment Violation

36. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

37. Plaintiffs are all African-American.

38. Upon information and belief, all of the individuals who had their pictures and personal information shared by Defendant Cook were minorities.

39. Upon information and belief, even though white individuals have committed criminal acts in the City of Evanston, Defendant Cook did not publicly share booking photographs and personal information of white civilians.

40. The disparagement treatment between minorities and Caucasians in publicly sharing minority civilian's personal information had no legitimate governmental purpose.

41. By treating minority civilians and Caucasian civilians in such a different manner, Defendant Cook violated Plaintiffs' right under the Fourteenth Amendment to Equal Protection.

42. As a result of Defendant Cook's conduct, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs prays for a judgment in their favor and against Defendant Cook on this count and requests an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief that is just.

### Count III
### 42 U.S.C. § 1983 - *Monell* Policy Claim

43. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

44. During the relevant time, Defendant Cook was the final policymaker for the City of Evanston's police department; he had the authority to supervise and deploy personnel and resources, develop and implement the police department's goals and policies, and overall monitoring of the police department's performance and divisions.

45. As alleged above, Defendant Cook violated Plaintiffs' constitutional rights.

46. As the final policymaker, Defendant Cook's misconduct in violating Plaintiffs' constitutional rights subjects Defendant City of Evanston to direct liability under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for a judgment in their favor and against Defendant City of Evanston on this count and requests an award of compensatory damages, attorneys' fees, costs, and any other relief that is just.

### Count IV
### Illinois State Law - Indemnification

47. Plaintiffs incorporates all paragraphs of this complaint as though fully set forth herein.

48. During the relevant time, Defendant Cook was as employee of Defendant City of Evanston and acted within the scope of his employment.

49. Pursuant to 745 ILCS 10/9-102, Defendant City of Evanston is required to indemnify public employees – such as Defendant Cook – for any judgment against a public employee for acts or omissions done within the scope of their employment and is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

WHEREFORE, Plaintiffs pray that Defendant City of Evanston be required to indemnify Defendant Cook for any award of compensatory damages, attorneys' fees, and costs awarded against these defendants.

### Jury Demand

50. Plaintiffs demands a trial by jury.

Respectfully submitted,
*/s/ Shawn W. Barnett*
Attorney No. 6312312

HALE & MONICO, LLC
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905

## **Certificate of Service**

I, the undersigned attorney, certify that I filed this document using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Shawn W. Barnett*
